IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FILED
SEP 29 2008
Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| COIL TUBING SERVICES, L.L.C. | (JURY DEMANDED) |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Party Burt Yaklin. The Commission alleges that the Defendant, Coil Tubing Services, L.L.C., violated Title VII of the Civil Rights Act of 1964, by subjecting Burt Yaklin to harassment, a hostile work environment and disparate terms and conditions of employment based on his race and national origin (Caucasian/Non-Hispanic). The Commission alleges that Defendant further violated Title VII by unlawfully retaliating against Mr. Yaklin by terminating his employment because of his opposition to employment practices believed to be unlawful under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

COMPLAINT                                                                                                1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, Defendant, Coil Tubing Services, L.L.C., has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Yaklin filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the employment of Mr. Yaklin, Defendant subjected him to harassment, hostile work environment and disparate terms and conditions of employment based on race and national origin discrimination (Caucasian/Non-Hispanic) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2. Defendant's verbal abuse, embarrassment and humiliation of Mr. Yaklin constituted race and national origin. Further, on or about February 2007,

Defendant unlawfully terminated Mr. Yaklin's employment in retaliation for his opposition of a discriminatory act, in violation of Section 704(a) of Title VII.

8. The effect of the practices complained of above has been to deprive Mr. Yaklin of equal employment opportunities and otherwise adversely affect his status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or reckless indifference to the federally protected rights of Mr. Yaklin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Coil Tubing Services, L.L.C., its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees like Mr. Yaklin and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Mr. Yaklin by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, front pay, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Yaklin.

D. Order the Defendant to make whole Mr. Yaklin by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

**COMPLAINT** 3

paragraph 7, above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.  Order the Defendant to make whole Mr. Yaklin by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F.  Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

GWENDOLYN Y. REAMS
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

WILLIAM C. BACKHAUS

**COMPLAINT**  4

Senior Trial Attorney
Texas Bar No. 01493850

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2742
(214) 253-2749 (FAX)